*17 The defendants obtained a decree in the County Court of Richmond against the complainant. upon a second verdict found on the common law side of that Court, in a suit in Chancery, brought, under the peculiar circumstances of the case, to recover the mesne profits of an estate to which they -were entitled, and which had been in the possession of the grandfather of the present complainant for many years. The decree was for the sum of 8181. 9s. Sd. An appeal was taken to this Court, and the decree affirmed. Upon an appeal to the Court of Appeals, the decree of this Court was affirmed ; which decree of affirmance was entered in this Court.
The complainant, at March term last, obtained leave of the Court to file her bill of review, in which she states, among other things, 1. The errors which she supposes appear upon the face of the proceedings; 2. That the depositions read at law upon the trial of the issue, were not with her consent or that of her counsel ; and, 3. That the evidence now produced has come to her knowledge since the trial at law of the issue in the County Court, and of which she was not then informed ; which reasons she alleged were sufficient for this Court to reverse the former decree. The Court, upon receiving the bill of review, awarded a supersedeas ; and now, a motion was made for its discharge.
*By the Court. So much of the bill of review as seeks a reversal of the decree, for the errors complained of in the proceedings which have been before the Court of Appeals, this Court must reject; because it has no power to revise the decisions of that Court; neither ought it to have any such power, for it would lead to endless litigation. If there was any doubt about it, the case of White v. Atkinson,(a) would be clear authority against it: but it is one of those cases which admit of no doubt: and if, when the bill was offered, it had been sent to a master, with orders io strike out all impertinent matter, the little that would have remained would clearly have shewn that it ought not to have been received. The affidavits of James Webb and Joseph J. Mtinroe, are relied upon to shew that the depositions read upon the trial of the issue at law, were not read by their consent as counsel for the present complainant; and the affidavit of Francis T. Brooke io also relied on to shew, that he has no recollection of having given his consent, at the time, when he was counsel, previous to the last trial, but is pretty certain he did not. But it is not at all material whether those gentlemen did give their consent, or not, since it appears, from the testimony of John Mtiu-roc, stated in the record, and which is not denied at this time by any evidence before us, that those depositions had been read on a former trial, and, therefore, the Court thinks that they should have been read on the trial at which they were objected to. And this for another reason. The law is, that, in Chancery cases in the County Courts, the same shall conform to the practice of the high Court of Chancery in like cases ; (b) and a rule then existing of the high Court of Chancery, authorised the reading upon the trial of an issue of any papers which had been read upon the hearing of the cause ; and therefore the case, as it stood before the County Court of Richmond, being, under the above recited act, within the rule of a like case in the high Court of Chancery, was properly submitted to the jury upon the evidence objected to. But, if it was necessary for the Court to rest the decision of this part of the cause upon the comparison of testimony, it is believed it might be shewn without difficulty, that the testimony now offered does not conflict with that which was given by John Monroe, on the trial. The rest of the testimony relates to the land, the injury done to which was the subject of the verdict, which produced the decree *now sought to be reversed. And the question, upon this evidence, is, should it vary the verdict?
The rule is, that a bill of review may be brought upon error of law appearing in the body of the decree itself, or upon discovery of new matter. Under the former part of this rule, for reasons already assigned, this Court is clearly without any power to act upon the subject; but, under the latter part of the rule, it may ; and, if the evidence will warrant it, should act.(1) But how has the complainant brought herself within the rule upon discovery of new matter; which will not be sufficient, unless it shall satisfactorily appear, that such new matter could not be produced or used by the party claiming the benefit of it, at the time when the decree was made ?(c) For, if the testimony now produced to shew new matter could have been produced when the decree in the County . ourr was entered, the party by whom it is now introduced shall not have the benefit of it, because such conduct would tend to occasion endless litigación also ; and because, too, no one shall avail himself of his own negligence. The Court is clearly of opinion, that the evidence now offered ought not to vary the former decree, entered upon the verdict of the jury who tried the issue directed at ■aw: 1. Because it is not produced within the rule as laid down ; for the same or similar evidence must have been in the knowledge of the party then ; and, if such evidence might then have been used, that which is now introduced is not such an discloses new matter; and. 2. If it had been properly -produced, being nevertheless insufficient, it should not have the effect contended for. In any view, therefore, which this Court can take of the cause, it is clearly of opinion, that, as the bill of review' ought not to have been received, the supersedeas ought now to be discharged.
From this decision the complainant, by Mr. Warden, her counsel, prayed an appeal, under the act enlarging the right ox appeals in certain cases,(d) which the Court refused.

 2 Call, 878.

 Rev. Code. vol. 1, c. 67, sect. 69, p. 92.

 See post, 258, Boycr, &c. v. Lewis.

 MitCord’s Pleadings. 78. 79.

 Rev. Code, vol. 1, c. 223. p. 375. See also Rev. Code, vol. 2, c. 103, sect. 2, p. 129. where the powers of granting appeals from interlocutory decrees is confined to those cases in which it may be necessary to prevent a change of property.